UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3028-BO

| | |
|---|---|
| SENTELLUS MCDONALD, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RANDLE JONES, et al., )<br>Defendants. ) | ORDER |

Sentellus McDonald ("McDonald") is a North Carolina state inmate who has filed a 42 U.S.C. § 1983 action. McDonald has filed several other § 1983 actions in this court. McDonald v. Henderson, 5:13-CT-3012-D (dismissed as frivolous 8/27/13); and McDonald v. Nicholas, 5:13-CT-3061-D (dismissed as frivolous 9/19/14). The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). In reviewing a case, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

From reviewing plaintiff's Statement of Claim, McDonald appears to contest the defense strategies of counsel in preparation for trial including counsel's investigation and discovery efforts. Compl., D.E. 1, IV. Stmt of Claim. McDonald contends that due to counsel's ineffectiveness he plead guilty "to save myself." Id. Lastly, McDonald contends that had counsel properly prepared he would have been found innocent of the criminal conduct. Id. He names his defense counsel as the defendant and seeks $250,000.00 in compensatory damages as well as a polygraph test for himself, defendant Jones, and another unnamed individual. Id., Stmt. Of Claim and Relief Sought.

Plaintiff is now serving an active sentence as a result of a conviction in question, and the matter is barred by Heck v. Humphrey, 512 U.S. 477 (1994). See http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1045575&searchLastName=mcdonald&searchFirstName=sentellus&listurl=pagelistoffendersearchresults&listpage=1. Claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Specifically, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486–87. "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell. 273 Fed. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). If the district court answers the question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

has already been invalidated." Heck, 512 U.S. 487. "This mandate is referred to as the 'favorable termination' requirement." Wilson v. Johnson, 535 F.3d 262 (4th Cir.2008). Here, McDonald raises issues which he contends "would have easily proven [his] innocence," and he now claims that had they not occurred he would not have plead guilty. Compl., Stmt of Claim. Therefore, plaintiff needs to seek relief by way of a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ('[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'). Thus, plaintiff would have to make the challenges he now attempts to assert in the § 1983 pursuant to 28 U.S.C. § 2241 or § 2254 and fulfill the exhaustion requirements associated with either statute.

Alternatively, defense attorneys, whether privately retained or publicly appointed, are not amenable to suit under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (same); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (per curiam) (same). Therefore, the matter may be dismissed as both improperly brought under the civil rights statute and for naming a defendant not amenable to suit.

The matter is DISMISSED as frivolous. The Clerk is DIRECTED to close the case.
SO ORDERED, this *10* day of November 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE